# Nathan Jackson, plaintiff in error, *vs.* Calvin Fletcher and Ovid Butler, defendants in error.

### *Error to Johnson.*

A clerical mistake in issuing the writ in *assumpsit,* where the precipe and the declaration shows the action to be in *debt,* may be corrected by amending the writ to correspond with the precipe and declaration. And a writ of attachment, and the affidavit on which it is issued, (as auxiliary process in the cause,) may also be amended.

Pleas in bar, should not look beyond the judgment on which the action is brought.

This was an action of debt, brought by the defendants against the plaintiff in error, in the District Court of Johnson county, upon a judgment rendered in the Circuit Court of Tippecanoe county, Indiana.

The precipe directing the issuance of the summons and attachment, designated the action to be *debt*—but the clerk, through inadvertance, issued a summons in assumpsit. The declaration was also regularly in debt, and contained but one count setting out the judgment, and appending the record.

The defendant moved to dismiss the writ of attachment :

1. Because no affidavit was filed in the clerk's office by plaintiffs, previous to issuing the writ, as required by statute.

2. That the supposed affidavit filed, was not legally sufficient.

3. Because no declaration was filed within ten days after issuing the writ, and before the return day thereof.

4. Because no declaration was filed as the law required.

And the defendant also moved the court to enter a judgment of non suit.

1. Because no declaration was filed within ten days, &c.

2. Because said plaintiffs had not declared, as by law they were bound to do.

Thereupon the plaintiffs moved to amend the writ, which was allowed by the court, and the writ amended, to which the defendant excepted.

The defendant then filed, 1st. a plea of *nul tiel* record.

2. That said judgment was obtained upon certain notes executed by the defendant to J. & W. H. Davis, and endorsed to said plaintiffs as collateral security for the payment of a certain judgment against J. & W. H. Davis, and in favor of Cunningham H. Ramsey, in the Circuit Court of Tippecanoe county, and that said judgment of M'Clelland and York against said J. &. W. H. Davis, for which said note was given as collateral security, had been paid, &c.

3. That said judgment had been obtained against defendant by plaintiffs, on a note delivered to them by James Davis and William H. Davis, as collateral security, &c., &c.

To the first plea the plaintiffs replied; and to the second and third pleas, there was a demurrer for the following causes specially shown:

1. The said pleas are contradictory.

2. They are uncertain and vague.

3. They are without legal form.

4. They are argumentative.

The court sustained the demurrer. And the cause being submitted to the court, judgment was awarded in favor of the plaintiffs against the defendant, for the sum $310,98 together with costs.

The defendant, Nathan Jackson, sued out his writ of error from this court and has assigned for error,

1. The court ought to have dismissed the said attachment.

2. The court ought to have sustained the defendant's motion to dismiss the attachment, and also his motion to non suit the said plaintiffs for the want of a declaration, within ten days from the issuing of said writ.

3. The court erred in allowing said plaintiffs to make a new writ to suit their cause of action.

4. Said court ought not to have allowed said plaintiffs to make said amendment to said writ.

5. Said court ought not to have allowed said plaintiffs to make said amendment to said affidavit.

6. Said plaintiffs had no legal right to make a new affidavit cr to make said amendment to said affidavit.

7. The court ought not to have sustained said demurrers to said pleas.

8. That said judgment was given in favor of said plaintiffs, when by law it should have been for said defendant.

BATES & HARRISON, for plaintiff in error.

LOWE, BUTLER and CARLETON, for defendants in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The first question I shall consider in this case, is whether the court erred in allowing the amendment in the writ.   The second section of our statute concerning amendments and jeofails, vests the District Courts with power while the proceedings are before them, to examine writs, &c., and to amend *" all that which to them, in 'their discretion seemeth to be misprision of the clerks therein, so that by such misprision of the clerks, no judgment shall be reversed or annulled."*   The District Court certainly had sufficient grounds to conclude that the amendment allowed was the correction of a clerical error, even although less latitude had been given to its discretion.   The precipe and declaration, being in debt, clearly shows that the summons being in assumpsit, was wholly an error of the clerk.   The attorney for the plaintiffs below, filed their declaration in debt, and gave directions to the clerk to issue a summons, also in debt.   The clerk committed an error, which the court was right in allowing to be amended.   The English courts, under a similar statute allow the writ to be amended by  instructions to the clerk.   1 Tidd, 661.

The writ being amendable, the defendant had no right to regard the case as being without a declaration, and therefore the motions based upon that position were correctly overruled.

The original affidavit was clearly insufficient, but the statute as clearly authorized the amendment allowed by the court.   The amendment must be considered as made within a reasonable time, when made as soon as the court has decided it to be necessary.   Nor can the amendment of the affidavit authorized by the statute, be limited to mere matters of form.   The language of the law is general, and no great evils seem likely to result from the natural and liberal construction of it.   Where the grounds for issuing the attachment really exist, the object of the statute seems to be, to prevent the quashing of the writ from any mistake or oversight in the original affidavit.   Where such grounds do not exist, the affidavit cannot be amended.

The pleas which were demurred to, are defective, not only in form, but in substance. They both look beyond the judgment on which this suit was brought; which judgment cannot be invalidated in this manner. The judgment was therefore right in sustaining the demurrer.

Judgment affirmed.